[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14063
Non-Argument Calendar

_____

D.C. Docket No. 06-00342-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

HENRY HILL,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 4, 2008)**

Before ANDERSON, BARKETT, and HULL, Circuit Judges.

PER CURIAM:

Henry Hill appeals his conviction for conspiracy to make unregistered

firearms, in violation of 18 U.S.C. § 371 and 26 U.S.C. § 5861(f). The charged

conspiracy involved incidents where an indicted co-conspirator, Jerome Flowers, threw two different Molotov cocktails at the houses of two of Hill's neighbors. First, Hill argues on appeal that sufficient evidence did not support his conviction because the district court's denial of his motion for judgment of acquittal was inconsistent with its grant of the same motion by his co-defendant and alleged co-conspirator, William Conner, Jr., on the same conspiracy charge. Second, he contends that he is entitled to a new trial due to the cumulative effect of errors committed by the district court during the trial. Specifically, he argues that the errors included a <u>Bruton</u>[1] error, a possible discovery violation, an improper statement by the court, and improper closing arguments by the prosecutor.

## I.

We review the sufficiency of the evidence <u>de novo</u>, viewing the evidence in the light most favorable to the government and accepting all reasonable inferences in favor of the verdict. <u>United States v. Klopf</u>, 423 F.3d 1228, 1236 (11th Cir. 2005). The jury alone may make credibility determinations. <u>United States v. Calderon</u>, 127 F.3d 1314, 1325 (11th Cir. 1997). The jury may choose to accept or reject a witness's testimony either in whole or in part. <u>See</u> <u>United States v. Habel</u>, 613 F.2d 1321, 1324 (5th Cir. 1980).

---

[1] <u>Bruton v. United States</u>, 391 U.S. 123 (1968).

2

Based on this record, we conclude that sufficient evidence supported Hill's conviction for conspiracy to make unregistered firearms. Flowers's testimony was sufficient to prove all the elements of the charged conspiracy, and other evidence at trial confirmed many of the details given by Flowers regarding the Molotov cocktail incidents. Moreover, the district court's grant of judgment of acquittal to Hill's co-defendant and alleged co-conspirator Conner does not render the evidence insufficient to support the jury verdict against Hill. The record does not demonstrate that the grant of Conner's motion for judgment of acquittal on the conspiracy charge was inconsistent with Hill's conviction. Therefore, the district court's denial of Hill's motion for judgment of acquittal was not erroneous.

## II.

Hill next argues that cumulative errors during the trial mandate a reversal of his conviction. We reject this argument, finding that any errors that may have occurred were harmless in this case. First, any possible <u>Bruton</u> error at trial was harmless because other evidence, outside of the statement made by Hill's non-testifying co-defendant Conner, indicated Hill's full participation in the conspiracy. Second, any possible discovery error regarding the mid-trial disclosure of a videotape of Hill's July 25 statement to police also was harmless because it did not affect Hill's ability to present a defense, the video's influence on the jury was

3

invited, and no reasonable probability exists that the late disclosure affected the outcome of the trial. Third, the district court did not plainly err in succinctly notifying the jury that it granted Conner's motion for judgment of acquittal. Finally, none of the prosecutor's closing arguments constituted plain error because most of the challenged statements properly urged the jury to draw inferences from the evidence and correctly stated the law. To the extent that any of the prosecutor's statements went beyond the evidence, they did not prejudice Hill's substantial rights.

Accordingly, the district court did not commit any reversible errors during Hill's trial, and the cumulative effect of any harmless errors did not prejudice Hill's substantial rights. Therefore, Hill is not entitled to a new trial and we affirm his conviction.

**AFFIRMED.**